UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HEMANT GOYAL, et al.,<br><br>Plaintiff(s),<br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>Defendant(s). | CASE NO. C26-1444-KKE<br><br>ORDER GRANTING MOTION TO DISMISS |

Plaintiffs Hemant Goyal and Anupriya Jain are a married couple living in Redmond, Washington. Dkt. No. 1 ¶¶ 11–12. They have lived in the United States since 2008, although they lived abroad 2012–14. *Id.* Goyal filed a Form I-526E Immigrant Petition after investing in a rural job-creating project.[1] *Id.* ¶¶ 17–18. Plaintiffs concurrently filed Form I-485 Applications to Register Permanent Residence or Adjust Status, and applied for work and travel authorization. *Id.* ¶¶ 20–21. Defendant United States Citizenship and Immigration Services ("USCIS") approved Goyal's I-526E petition in October 2025, but Plaintiffs' I-485 applications, along with their applications for work and travel authorization, remain pending. *Id.* ¶¶ 18, 21, 24.

Plaintiffs, representing themselves, filed this lawsuit in April 2026 against USCIS and its director and the United States Department of Homeland Security and its director (collectively "the

[1] The filing date is not listed in the complaint, but is clarified in briefing to be June 17, 2025. Dkt. No. 10 at 3.

Government"), contending that the Government's failure to promptly adjudicate their I-485 applications violates the Administrative Procedure Act ("APA"). Dkt. No. 1 ¶¶ 33–37. Plaintiffs seek a writ of mandamus to end the Government's unreasonable delay. *Id.* ¶¶ 50–54. The Government moved to dismiss, arguing that the Court lacks jurisdiction to compel adjudication of Form I-485 applications and, in the alternative, that Plaintiffs cannot state a claim of unreasonable delay. Dkt. No. 9.

The Government's jurisdictional arguments have been rejected by most district courts in this Circuit, and the Court will deny the Government's motion to dismiss based on lack of jurisdiction. The Court will, however, grant the motion to dismiss for failure to state a claim and dismiss the complaint without prejudice.

## I. ANALYSIS

The Government's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) contends that the Court lacks jurisdiction to consider Plaintiffs' claims due to the limited waiver of sovereign immunity under the APA. Dkt. No. 9 at 5–8. "An attack on subject matter jurisdiction may be facial or factual." *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). The Government's motion to dismiss presents a facial challenge, arguing that the INA strips jurisdiction over challenges to the timing of USCIS's adjudication of I-485 petitions. Dkt. No. 9 at 5–8. The Government reasons that because 8 U.S.C. § 1255(a) commits the process for adjudicating I-485 petitions to the discretion of the Government, and 8 U.S.C. § 1252(a)(2)(B)(ii) provides that "no court" has jurisdiction to review an action committed to the Government's discretion, then this Court lacks the jurisdiction to review Plaintiffs' challenge to the Government's failure to process their I-485 applications. *Id.*

The Court disagrees. Although district courts in the Ninth Circuit are divided as to whether Section 1252(a)(2)(B)(ii) bars timing-of-adjudication claims, and the "Ninth Circuit has not directly addressed" this issue (Dkt. No. 9 at 6), many district courts in this circuit have found no jurisdictional bar to claims challenging the pace of adjudication of applications. *See, e.g.*, *Dinh v. Edlow*, No. 26-cv-02697-TSH, 2026 WL 2001155, at *5–6 (N.D. Cal. July 10, 2026); *Vooda v. Edlow*, No. 2:25-cv-02668-JNW, 2026 WL 1846661, at *2–3 (W.D. Wash. June 26, 2026); *Gogate v. Edlow*, No. 8:25-cv-02558-DOC-KES, 2026 WL 1658512, at *3–4 (C.D. Cal. June 5, 2026); *Concepion v. Mullin*, No.: 25-cv-03221-DMS-MMP, 2026 WL 1388761, at *8 n.7 (S.D. Cal. May 18, 2026); *Pimpalkhute v. Edlow*, No. 25-cv-2433-BJR, 2026 WL 1283512, at *2–4 (W.D. Wash. May 11, 2026). The Court adopts the reasoning of these courts that where, as here, USCIS has an obligation to adjudicate a pending application, Section 1252(a)(2)(B)(ii) does not bar judicial review of a claim alleging that USCIS has failed to act within a reasonable time. *See Patel v. Reno*, 134 F.3d 929, 932–33 (9th Cir. 1997) (finding jurisdiction to hear claim that the Government had breached its duty to adjudicate visa applications by suspending applications for eight years).

Having rejected the Government's motion to dismiss for lack of jurisdiction, the Court now turns to consider the Government's motion to dismiss for failure to state a claim, under Federal Rule of Civil Procedure 12(b)(6). The Government argues that Plaintiffs have not pleaded sufficient facts to state a plausible claim of unreasonable delay because their I-485 applications have been pending for approximately 16 months at this point. Dkt. No. 9 at 9–13.

In evaluating a motion to dismiss under Rule 12(b)(6), a court examines the complaint to determine whether, if the facts alleged are true, plaintiff has stated "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if plaintiff has pleaded "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

To determine whether an agency's delay is unreasonable, courts in the Ninth Circuit apply a six-factor test known as the "*TRAC* test" because it was first articulated in *Telecommunications Rsch. and Action Center v. FCC* ("*TRAC*"). *In re Pesticide Action Network N. Am.*, 798 F.3d 809, 813 (9th Cir. 2015) (citing 750 F.2d 70 (D.C. Cir. 1984)). In the visa context, the six *TRAC* factors are "grouped into four basic inquiries":

> First, is there any rhyme or reason—congressionally prescribed or otherwise—for [an agency]'s delay (factors one and two)? Second, what are the consequences of delay if the Court does not compel the [agency] to act (factors three and five)? [Third], how might forcing the agency to act thwart its ability to address other priorities (factor four)? Finally, is the delay intentional or due to any impropriety on the part of the agency (factor six)?

*Infracost Inc. v. Blinken*, 732 F. Supp. 3d 1240, 1254 (S.D. Cal. 2024) (quoting *Sawahreh v. U.S. Dep't of State*, 630 F. Supp. 3d 155, 161 (D.D.C. 2022)). On a motion to dismiss, a court must determine whether the facts alleged in the complaint, taken as true, could plausibly support an unreasonable delay claim under the APA. *See Infracost*, 732 F. Supp. 3d at 1253–54.

As to the first inquiry, the Court considers the length of delay in light of any established time limits and the reason for any delay. At this point, the length of delay is approximately 16 months, and this length of time is generally not found to be unreasonable. *See Infracost*, 732 F. Supp. 3d at 1254–55 (collecting cases that support finding a 14-month delay not unreasonable), *Khosravi v. Rubio*, No. 2:24-cv-1227, 2025 WL 821885, at *6 (W.D. Wash. Mar. 14, 2025) (collecting cases that support finding a 16-month delay is not unreasonable). As to the reason for delay, Plaintiffs do not allege that the Government is not complying with a first-in, first-out rule of reason for Plaintiffs' I-485 applications. Plaintiffs' opposition brief notes that I-526E petitions for rural projects should receive expedited priority (Dkt. No. 10 at 17), but Goyal's I-526E petition

has indeed been approved and Plaintiffs do not cite authority indicating that this priority carries over to concurrently filed I-485 petitions. Accordingly, the Court finds that the first set of factors weighs in the Government's favor and does not support a plausible claim for unreasonable delay.

The second inquiry, the impact of the delay on Plaintiffs, also does not support a finding of unreasonable delay because their alleged hardships relate to financial, professional, and anxiety-related harm. Dkt. No. 1 ¶¶ 27–32. While the Court has no reason to doubt the toll this delay has taken on Plaintiffs, these impacts are felt by many EB-5 investors and do not warrant a finding of unreasonable delay based on "human health and welfare." *Chang v. U.S. Dep't of State*, No. C23-01918-RSM, 2024 WL 3161895, at *3 (W.D. Wash. June 25, 2024) (finding no unreasonable delay on a motion to dismiss for an Amazon employee awaiting an L-1B visa). This inquiry thus favors the Government and does not support a plausible claim for unreasonable delay.

The Court has limited information relevant to the third inquiry: impact on agency priorities. The Government argues that requiring it to adjudicate Plaintiffs' application would "prioritize them at the expense of similarly-situated applicants[.]" Dkt. No. 9 at 12. Although Plaintiffs suggest in their opposition that they do not seek to "jump the queue" because they fall in a different priority category than the general I-485 pool (Dkt. No. 10 at 18–19), they, again, cite no authority indicating that the priority afforded to I-526E petitions extends to concurrently filed I-485 petitions. Nor do they rebut the Government's suggestion that adjudicating their applications would delay the resolution of other pending applications. "[W]here an agency's progress on one individual's application would necessarily negatively impact another application, courts have held that plaintiffs' recourse is with Congress, not the courts." *Liu v. Denayer*, No. CV 21-6653 DMG (MRWx), 2022 WL 17370527, at *5 (C.D. Cal. July 18, 2022). Thus, this inquiry weighs in the Government's favor and does not support a plausible claim for unreasonable delay.

Finally, for the fourth inquiry, Plaintiffs do not allege any impropriety by the Government specific to them. Accordingly, this inquiry is neutral. *See TRAC*, 750 F.2d at 80.

In sum, because the *TRAC* factors either favor the Government or are neutral, the Court finds that Plaintiffs' complaint fails to state a claim for unreasonable delay warranting judicial intervention. *See, e.g.*, *Padala v. Selby*, No. 8:26-CV-00129-DFM, 2026 WL 1506356, at *4–6 (C.D. Cal. May 12, 2026).

Accordingly, although the Court does not take lightly the impact of this delay on Plaintiffs, for the reasons stated above, the Court nonetheless dismisses the case. The Court will not grant leave to amend, as there is no indication that additional facts would change the outcome. But the Court dismisses the case without prejudice "because additional delay could at some point ripen into an unreasonable delay[.]" *Aghchay v. U.S. Dep't of State*, No. CV 22-5708 PA (PVCx), 2022 WL 19569516, at *3 (C.D. Cal. Dec. 20, 2022). As recognized by other district courts in similar circumstances, "[t]hough judicial intervention is not warranted at this juncture, the Court's calculus could change if the delay continues for a more extended period." *Infracost*, 732 F. Supp. 3d at 1258.

## II. CONCLUSION

For these reasons, the Court GRANTS the Government's motion to dismiss for failure to state a claim. Dkt. No. 9.

Dated this 14th day of October, 2026.

Kymberly K. Evanson
United States District Judge